UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CAMBRIA MOORE                                                                                    PLAINTIFF

V.                                                                CIVIL ACTION NO. 3:07cv613 DPJ-JCS

O'CHARLEY'S, INC.                                                                              DEFENDANT

ORDER

This premises liability case is before the Court on motion of Defendant O'Charley's, Inc. ("O'Charley's") for summary judgment pursuant to Federal Rule of Civil Procedure 56.  Plaintiff Cambria Moore has responded in opposition.  The Court, having considered the memoranda and submissions of the parties, concludes that Defendant's motion should be denied.

**I.      Facts and Procedural History**

On February 11, 2007, Plaintiff Cambria Moore slipped, but did not fall, while exiting the O'Charley's restaurant in Pearl, Mississippi.  She claims that as a result of the slip, she suffered a torn meniscus which required knee surgery.  Believing that her slip was caused by Defendant's negligent failure to discover and remedy a dangerous condition on its premises, Plaintiff filed suit in state court.  Defendant removed the case to this Court and has now moved for summary judgment.

**II.     Analysis**

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that

party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id*. at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods. Inc*., 530 U.S. 133, 150 (2000).

Here, the parties agree on the appropriate legal standards, so a protracted analysis of the relevant law is not necessary. The relevant issue, as defined by the parties, is whether Plaintiff can show that Defendant had constructive knowledge of a dangerous condition which purportedly caused Plaintiff's injury. *See Hardy v. K Mart Corp*., 669 So. 2d 34, 38 (Miss. 1996) (noting a patron may recover from the premises owner if she can show "that the dangerous condition existed long enough to impute constructive knowledge to [the defendant], in other words show that [the defendant] should have known of the dangerous condition").

In support of her claim, Plaintiff has produced deposition testimony indicating that approximately twenty five minutes before she slipped, another patron slipped, or tripped, in the same area.  Additionally, a witness to Plaintiff's slip testified that she saw a clear liquid substance on the floor which appeared to have skid marks running through it.  While Defendant raises legitimate arguments with respect to Plaintiff's evidence, these issues go to weight. *Reeves*, 530 U.S. at 150 (noting the court may "not make credibility determinations or weigh the evidence").  In sum, the Court finds that Plaintiff has submitted sufficient competent evidence, though circumstantial, to create questions of fact as to whether the same condition caused two people to slip within a twenty-five minute period and whether these facts establish constructive knowledge.

As such, IT IS HEREBY ORDERED that Defendant's motion for summary judgment is denied.

**SO ORDERED AND ADJUDGED** this the 8th day of October, 2008.

    s/ *Daniel P. Jordan III*
    UNITED STATES DISTRICT JUDGE